IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KEVIN LESHAWN MOORE, #1391379,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:13-CV-5011-L-BK |
| | § | |
| **WILLIAM STEPHENS, Director TDCJ-CID,** | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, which was automatically referred to the United States Magistrate Judge. *See* 28 U.S.C. § 636(b) and Special Order 3. For the reasons that follow, it is recommended that the petition be denied.

**I. BACKGROUND**

Petitioner was convicted of first degree murder and was sentenced to 45 years' imprisonment. [Doc. 24-10 at 72]. *State v. Moore*, No. 0966038D (396th Judicial District Court, Tarrant County, Jun. 16, 2006), *aff'd*, No. 10-06-00319-CR, 2007 WL 4260446 (Tex. App.—Waco, Dec. 5, 2007, pet. ref'd). The Texas Court of Criminal Appeals denied Petitioner's state habeas application without a written order based on the trial court's findings. *Ex Parte Moore*, WR-72,679-02 (Tex. Crim. App. May 28, 2014). In this timely federal petition, Petitioner alleges that he received ineffective assistance of counsel. [Doc. 3 at 6, 11-18]. Respondent argues the petition lacks merit, and Petitioner has filed a reply. [Doc. 22, Doc. 27].[1]

---

[1]The Administrative Record includes the State Habeas Court Record, referenced throughout this recommendation. [Doc. 26].

## II. ANALYSIS

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet," as the decisions of the state court are reviewed under a "highly deferential standard" and afforded "the benefit of the doubt." *Harrington v. Richter*, 562 U.S. ---, ---, 131 S. Ct. 770, 786, 788 (2011); *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted).

---

The Court did not transfer the case to the Fort Worth Division because Magistrate Judge Jeffrey Cureton participated as second chair during Petitioner's criminal trial along with appointed counsel Stephen Gordon. [Doc. 7; Doc. 8; Doc. 26 at 84, 106-107].

The Court rejects Petitioner's assertions in his reply that the Court should not consider the State's belated response to his state habeas application because the case languished in state court for more than two and one-half years before a response was filed. [Doc. 27 at 1]. He contends that if it were not for his *Motion to Bypass Exhaustion Requirement* [Doc. 5] and this Court's order to respond, his state habeas application "would still be sitting on a shelf" in the state court. [Doc. 27 at 1]. Petitioner also claims that the granting of two extensions of time to respond in this case permitted Respondent to "notify the Court of Criminal Appeal and the [State] District Court to get a move on and answer Petitioner's State Writ." [Doc. 27 at 1]. However, as the Court previously noted, any objection to delay in the adjudication of the state habeas petition is now moot. [Doc. 23].

**Ineffective Assistance of Counsel** (Claim 1)

Petitioner raises various claims of ineffective assistance of counsel. He asserts that his trial attorneys, Stephen Gordon and Jeffrey L. Cureton, failed to properly investigate his case and failed to call two crucial witnesses at trial. [Doc. 3 at 6, 11]. The Court reviews ineffective assistance of counsel claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, --- U.S. ---, 131 S. Ct. 1388, 1403 (2011) (quoted cases omitted). In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011).

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Here, Petitioner cannot show that counsel's performance was deficient or that it prejudiced him. His contention that counsel failed to investigate is unsupported and conclusory.

*See Trottie v. Stephens*, 720 F.3d 231, 243 (5th Cir. 2013) (quoting *Druery v. Thaler*, 647 F.3d 535, 541 (5th Cir. 2011) (allegations of counsel's failure to investigate must include with specificity "what the investigation would have revealed and how it would have altered the outcome of the trial"). The record reveals that defense counsel completed over fifty-seven hours of trial preparation, interviewed witnesses, reviewed all documents and materials in the case, and became fully versed and knowledgeable as to the contents of the State's file. [Doc. 26-4 at 106-07, adopted at 121]. Therefore, this claim fails because counsel's representation in this case rose above the objective standard of reasonableness. [Doc. 26-4 at 111, adopted at 121].

Petitioner also asserts that his counsel was ineffective for failing to interview and call as witnesses Leisa Moore, Petitioner's sister and the victim's girlfriend, and Brandon Moore, Petitioner's brother and sole eyewitness who accompanied Petitioner at the time and place of the offense. [Doc. 3 at 6, 11-17]. He contends that both individuals "would have testified" about the events leading up to the offense, and that their testimony "could have cleared up" the contested facts before the jury. [Doc. 3 at 13, 16]. However, Petitioner fails to present any evidence that these witnesses' testimony would have been favorable to him. *See Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) (to demonstrate the requisite *Strickland* prejudice, a habeas petitioner must show not only that witness would have testified at trial but also that the testimony would have been favorable) (quoting *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)).

In addition, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690–691. In this case, defense counsel interviewed Leisa Moore and Brandon Moore after they expressed their

desire to testify on Petitioner's behalf. [Doc. 26-4 at 108]. The substance of Leisa Moore's testimony was the violent history between herself and the victim, presentation of which would have violated the trial court's order granting the State's motion in limine prohibiting testimony regarding the victim's history of violence. [Doc. 26-4 at 88-89]. And although Brandon Moore was an eye-witness to the offense, counsel determined after careful evaluation that his testimony would be detrimental to the defense due to his criminal history and his incarceration for a separate and unrelated offense at the time of Petitioner's trial. [Doc. 26-4 at 90]. Counsel's decisions not to call Leisa Moore or Brandon Moore to testify were the result of reasonable trial strategy and were based on what counsel believed to be Petitioner's best interests. [Doc. 26-4 at 108, 109, 111].

Moreover, even if counsel was deficient in failing to call Leisa Moore or Brandon Moore to testify, Petitioner cannot demonstrate that he was prejudiced – namely that there is a reasonable probability that the result of the proceeding would have been different. As previously mentioned, the uncontroverted evidence in the record establishes that counsel's decisions not to call the two witnesses resulted from their concern about the witnesses' criminal histories and backgrounds, which could have negatively impacted Petitioner's defense. Counsel instead used Ron Fazio's expert testimony in forensics and ballistics to develop Petitioner's self-defense theory -- as part of their reasonable trial strategy. [Doc. 26-4 at 109-110]. Conversely, Petitioner presents only conclusory assertions that he was prejudiced. *See Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983) ("mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"); *West v. Johnson,* 92 F.3d 1385, 1399-1400 (5th Cir. 1996) ("the court need not blindly accept speculative and inconcrete claims") (quoted case omitted).

Petitioner cannot overcome the strong presumption that he received effective assistance of counsel at trial. The state court's denial of relief on these grounds was a reasonable application of federal law. Accordingly, these claims lack merit.

### Evidentiary Hearing Not Required

Petitioner requests an evidentiary hearing. [Doc. 6 at 1-3]. However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 131 S. Ct. at 1398; *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, the petition concerns only claims under section 2254(d)(1) that were adjudicated on the merits in state court. Petitioner cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court. Accordingly, Petitioner is not entitled to an evidentiary hearing.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

SIGNED October 22, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE